By the Court,
McOunu, J.
In order to enable the court to determine the question understandingly, the original label of the plaintiff and the one used by the defendant are presented in the papers, so that an ocular demonstration might be entered into, and I am satisfied, from a careful inspection of both labels, that there is not the slightest resemblance between them. In the case of Partridge v. Menck, (2 Sandf. Ch. 622,) the chancellor and vice-chancellor held, that if the difference in the label was so slight as to put purchasers on their guard, or prompt an inquiry in their minds, an injunction could not be maintained.
I cannot believe that the second labél used by the defendant was meant by him to be an invasion of the plaintiff’s trademark, or intended to mislead or deceive ;- besides-, I am satisfied, from an inspection of the two labels, that the most ordinary mind, seeking to purchase the matches of the plaintiff, would see, at a glance, that the defendant’s label was not intended to deceive them in purchasing the article. The great principle laid down, and applied in all the cases of trademarks is, that if persons of ordinary understanding purchasing the article would be placed on their guard, and would be led to inquire whether they were being deceived by the article they *616 were purchasing, that fact is sufficient for the court to refuse its interference.
This is the doctrine established by Lord Chancellor Cottenham, in the case of Spotswood v. Clark, (10 London Jur. R. 1043,) and by the chancellor of this state, in the case of Partridge v. Menck, cited above: and by still later decisions it remains the established law of this state.
Eor the purpose of sustaining the motion for contempt, it should have appeared clearly that the ordinary mass of customers, paying that attention which persons usually do in buying the article in question, would be easily deceived. This not being the case in this instance, the order denying the motion for contempt was correct, and should be affirmed, with costs.